CLARK, HOOD & CO. v. J. W. GRESHAM.

GARNISHEE. *Interpleader. Costs. Code of* 1880, §§ 2448, 2449.

A garnishee entitled to costs under § 2448, code 1880, should be allowed payment of the same out of the fund in his hands, although a third person interpleads and establishes his right to such fund. The garnishing plaintiff is ultimately liable for all costs in such case, but it is error to refuse the garnishee his allowance out of the fund and tax the same against the plaintiff, thereby imposing risk upon the garnishee in collecting his costs out of the plaintiff.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

On the 8th of March, 1888, W. A. Smith sued out, in the circuit court of Lee county, an attachment against T. F. Archer, and on the same day appellants, Clark, Hood & Co., were summoned therein as garnishees. Prior to this garnishment, one Taylor had sold to Clark, Hood & Co. a lot of corn for $110.16, but the money was not paid at the time, and Smith garnished the purchasers, claiming that the corn really belonged to Archer, and therefore that they were indebted to him. The next day Taylor applied to collect the money, and Clark, Hood & Co. informed him of the garnishment, and that Smith claimed that the debt was due to Archer. They, therefore, declined to pay Taylor, whereupon he replied that it was immaterial to him, as the corn did belong to Archer. Afterwards appellee, J. W. Gresham, notified Clark, Hood & Co. that the corn belonged to him (Gresham), and on the 13th of July, 1888, he sued them in a justice court for the value of the same, claiming $117.86. Clark, Hood & Co. defended this action, and judgment was rendered in their favor in the justice court, whereupon Gresham appealed to the circuit court. Meantime the garnishment of Smith was pending in that court against Clark, Hood & Co., and within the first two days of the term they filed their answer thereto, setting up the above facts, admitting an indebtedness of $110.16 for the corn. Inasmuch as Smith, the plaintiff in the garnishment, claimed that the debt was due to the defendant, Archer, while Gresham claimed that he was entitled to the money, the garnishees, Clark,

Hood & Co., in their answer set·this out and asked for an order of interpleader, and that Gresham should be summoned to propound his claim.   They did not pay the money into court, but offered to submit to and abide by the judgment in the cause.   The order for interpleader was made, Gresham was summoned and appeared, and an issue was made up between him and Smith, who had sustained his attachment against Archer.   This issue was tried and a verdict was rendered in favor of Gresham, establishing his right to the money.   Thereupon the garnishees moved the court to discharge them on their answer, and to allow them, out of the fund in their hands, such fees and costs as were proper.   The court entered a judgment in favor of the claimant, Gresham, against the garnishees for the said sum of $110.16, admitted to be due.   The motion of the garnishees for an allowance of costs out of the fund was overruled; but judgment was entered against the plaintiff, Smith, in favor of the garnishees for $2, for attending and filing their answer, and $15, attorney's fee for preparing the same.   It was admitted that $15 was a reasonable fee.   Garnishees excepted to the action of the court, and from said judgment appealed.

*J. A. Blair,* for appellants.

The garnishee is a trustee for both parties, and is entitled to full protection.   If he puts in his answer promptly, he is entitled to retain his costs out of the fund in his hands : Code 1880, § 2448. It is just as fair to take the costs out of the fund as against a claimant as against a creditor.   He should be put to no hazard and no delay.   In equity costs are awarded to a complainant out of the fund in court, if the bill is  proper and was filed in good faith. 2 Bro. Ch. P. 149 ; 1 Cowen, 691 ; Hopkins Ch. R. 224, 272 ; 2 Paige Ch. R. 284 ; 30 N. H. 354 ; 2 R. I. 415 ; 8 Wheat. 268.

Section 2449 of the code, giving a garnishee the right to compel an interpleader, is but the adoption in a court of law of the equity rule.   *Dodds* v. *Gregory,* 61 Miss. 353.

If plaintiff in attachment had been successful, it will not be denied that the garnishee's costs could have been taken out of the fund.   Why not the same rule as against a claimant ?

Under § 2451 of the code, and upon general principles of plead-

ing, the garnishee is entitled in a case like this to deduct his costs and pay the money into court and be discharged. There may be great delay and expense in the litigation between the parties who claim the fund. With this the garnishee has no concern. If his answer is not controverted, he is not a *litigant*.

It is true, Smith, the plaintiff in attachment, is liable for all costs, including the costs of the garnishees, but he is liable to Gresham. The garnishees have not contracted with the plaintiff, and they are not bound to take the risk of making their costs out of him.

*Allen, Robins & Stribling*, for appellee.

The money belonged absolutely to Gresham. He was not in default, and did not cause the litigation. Clark, Hood & Co. refused to pay him, had him brought into court, kept him out of his money a year, without interest, and when his rights are finally settled in the litigation, after having to pay his own attorney's fees, they coolly ask the court to compel him to pay their attorney's fee also. It seems to us that the claim is preposterous.

The fee was taxed against the plaintiffs, and the appellant has the security of the attachment-bond. If they cannot make it out of the plaintiff, how are we to get it?

We do not think that any of the authorities cited will support the position of opposite counsel. If, after searching all the law books, it would excite wonder with us if he could find a case holding the view for which he contends.

CAMPBELL, J., delivered the opinion of the court.

If the appellants were entitled to the allowance made, in view of the fact that they had the money in their hands during the litigation, they were entitled to it out of the money in their hands, and should not have been put to a recovery of the allowance from the plaintiff in the attachment. It is true that the plaintiff is the party ultimately liable for all costs, but his adversary in the litigation, rather than the garnishees, should take the risk, great or small, of realization of costs out of the plaintiff.

*Reversed and remanded.*